UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE THEODORE MANN, III,

Plaintiff,

Case No. 2:26-cv-2388-KCD-KRH

v.

NICOLE GALLIFORD,
CHRISTOPHER RENDZIPERIS,
PAULA FISCHER,

Defendants.
_________________________________/

# ORDER

Plaintiff sued Defendants in state court for defamation. (Doc. 2.) The pro se Defendants removed the case here based on federal question jurisdiction. (Doc. 1.)[1] Although the complaint pleads no federal claim, Defendants contend that removal is still proper because the defamatory statement arose from a now-dismissed federal lawsuit filed in this Court, 2:25-cv-1027-SPC-KRH. (Doc. 1 ¶ 12; Doc. 2-1.) After review, the Court remands this case for lack of subject-matter jurisdiction.

A defendant can remove a case from state court if it could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441(a). Otherwise, the court may remand the action at any time sua sponte. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Cir. 2009). Original jurisdiction of the district courts of the United States may be based on a claim arising out of the Constitution or laws of the United States (federal-question jurisdiction) or on diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. The defendant seeking removal must establish jurisdiction as of the date of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). And any doubts about the existence of federal jurisdiction will be resolved in favor of remand. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). As explained below, the Court lacks federal-question or diversity jurisdiction over this action.

First, the Court lacks federal-question jurisdiction. This jurisdiction exists only where the case "arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the "well-pleaded complaint rule," the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1090 (11th Cir. 2011). Plaintiff brings two counts for defamation, a matter of state law. (Doc. 2.) And the complaint does not state any federal cause of action or cite any federal laws. That one of the complaint's exhibits references a now-dismissed federal lawsuit does not provide the necessary jurisdictional hook for a complaint that asserts purely state-law claims. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or

absence of federal-question jurisdiction is governed by the well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Thus, Defendants have failed to establish federal-question jurisdiction.

Second, the Court lacks diversity jurisdiction over this case. Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. All parties are Florida citizens. (*See* Doc. 2.)

Resolving all uncertainties in favor of remand, as the Court must, Defendants have not met their burden of proving this Court has jurisdiction over this case. Thus, the case is remanded.

Accordingly, it is **ORDERED:**

1. The Clerk is **DIRECTED** to remand this case to state court by transmitting a certified copy of this Order to the clerk for the Twentieth Judicial Circuit in and for Collier County, Florida. The state-court case was previously captioned 2026-CA-001827.
2. Following remand, the Clerk shall terminate any pending motions, terminate all deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on August 21, 2026.

Kyle C. Dudek
United States District Judge